UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 09-11635-JGD |
| 434 MAIN STREET, TEWKSBURY, MASSACHUSETTS, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| RUSSELL H. CASWELL, as Trustee of the Tewksbury Realty Trust, | ) ) | |
| | ) | |
| Claimant. | ) | |

## SCHEDULING ORDER AND ORDER ON
## CLAIMANTS' MOTION FOR LEAVE TO AMEND

On October 4, 2011, this court held a status conference pursuant to Fed. R. Civ. P. 16(a) and a hearing to consider the "Claimants' Motion for Leave to File Amended Answer in Response to Plaintiff's Verified Complaint for Forfeiture *In Rem*" (Docket No. 58), by which the claimants, Patricia and Russell Caswell, are seeking leave to amend their Answer in order to add two affirmative defenses. Specifically, by their first proposed affirmative defense, the claimants assert that the Government has treated them differently than similarly situated hotel owners, in violation of their rights under the Equal Protection Clause of the Fourteenth Amendment. By their second proposed affirmative defense, the claimants assert that the equitable sharing provisions of the federal forfeiture program violate the Tenth Amendment to the United States Constitu-

tion.  After consideration of the parties' submissions and their oral arguments, this court hereby ORDERS as follows:

    1.    The claimants' motion for leave to amend is ALLOWED IN PART and DENIED IN PART.  The claimants may amend their Answer in order to assert an affirmative defense based on the Tenth Amendment, but the motion is denied with respect to their defense under the Equal Protection Clause.

    Pursuant to Fed. R. Civ. P. 15(a), leave to amend should be freely given "when justice so requires."  However, "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases."  Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 51 (1st Cir. 1998) (quotations and citation omitted).  "Among the adequate reasons for denying leave to amend are 'undue delay' in filing the motion and 'undue prejudice to the opposing party by virtue of allowance of the amendment.'"  Id. (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). "[E]specially where allowing the amendment will cause further delay in the proceedings, 'undue delay' in seeking the amendment may be a sufficient basis for denying leave to amend."  Id. at 52 (quoting Foman, 371 U.S. at 178, 83 S. Ct. at 230).

    This court finds that the claimants' request to add an affirmative defense based on the Equal Protection clause would broaden the scope of discovery and is therefore untimely.  The claimant, Russell Caswell, has been a party to this forfeiture action since November 5, 2009, and the claimants filed their original Answer and affirmative defenses more than 22 months ago, on November 23, 2009.  Moreover, scheduling deadlines have

been extended on several occasions, and the August 15, 2011 deadline for the close of fact discovery has passed, although the parties are scheduled to complete limited, agreed upon, depositions.  Dispositive motions are to be filed in less than five weeks.  The need to take new discovery at this late stage in the litigation would cause further delay in the filing of dispositive motions and in the ultimate resolution of the case, and would unfairly result in additional costs to the plaintiff.  Under such circumstances, the denial of leave to amend is warranted.  See Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) ("Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs . . . .'" (quoting Acosta-Mestre, 156 F.3d at 52-53)).

This court recognizes that the claimant's deny needing any additional discovery, contending that they have all the information they need to establish that their property is being treated differently than similarly situated properties.  However, as the United States points out, the Government would request additional discovery if the amendment is allowed, and would have focused its discovery differently if the treatment of the properties had been placed in issue earlier in this litigation.  Accordingly, the claimants' motion to amend is DENIED with respect to their affirmative defense under the Equal Protection Clause.

At this stage, it appears that the proposed affirmative defense based on the Tenth Amendment would raise only legal issues, and would create no need for further discovery.  Additionally, the Government has not shown that it would suffer any

prejudice if the claimants were allowed to assert such a defense.  Accordingly, the claimants' motion to amend is ALLOWED with respect to their affirmative defense under the Tenth Amendment.  However, nothing herein shall preclude the Government from filing an appropriate motion to take discovery or to strike the defense if it turns out that factual discovery becomes necessary.

2. The parties shall continue to comply with the **November 8, 2011** deadline for filing any dispositive motions.  As agreed, any oppositions to such motions shall be filed by **December 23, 2011**.

3. Any concise statement of material facts that is filed pursuant to Local Rule 56.1 in opposition to a motion for summary judgment shall include numbered paragraphs admitting or denying, paragraph by paragraph, the facts contained in the moving party's concise statement of material facts.

        / s / Judith Gail Dein
        Judith Gail Dein
        United States Magistrate Judge

DATED:  October 5, 2011