UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) <br> UNITED STATES OF AMERICA,        ) <br>           PLAINTIFF                              ) <br>                                                            ) <br> VS.                                                    ) <br>                                                            ) <br> 434 MAIN STREET, TEWKSBURY, ) <br> MASSACHUSETTS                          ) <br>           DEFENDANT.                         ) <br> _____) <br>                                                            ) <br> RUSSELL H. CASWELL, Trustee of   ) <br> the Tewksbury Realty Trust,              ) <br>           CLAIMANT.                            ) <br> _____) | CIVIL ACTION NO. <br> 09-11635-JGD |

## CLAIMANT'S MOTION FOR SUMMARY JUDGMENT
## AND STATEMENT OF MATERIAL FACTS

Pursuant to Local Civil Rule 56.1, Claimant Russell H. Caswell moves the Court to enter an order granting summary judgment in his favor and against the United States because no substantial controversy exists as to any material fact required to resolve the action as a matter of law. This motion is based upon the supporting memorandum filed herein and the following statement of undisputed material facts.

1. The property subject to forfeiture in this action is the Motel Caswell, identified as 434 Main Street, Tewksbury, Massachusetts. Compl. 1.

2. Russell Caswell saw his father build the Motel Caswell in the 1950s. He grew up there, worked there, and for nearly 30 years has owned and operated the motel with his wife. Ex. A (Russell Caswell Affidavit) ¶¶ 1-2.

3. Russell Caswell and his wife live next door to the Motel Caswell, along with his wife's 91-year-old mother and his son's family.  Ex. A ¶ 1.

4. The Motel Caswell is, and for most of his working life has been, Claimant's principal work and source of livelihood.  Ex. A ¶ 3.

5. Mr. Caswell draws a salary of $72,000 annually operating the Motel Caswell, which he uses to support himself and his wife, as well as his 91-year-old mother-in-law.  Ex. A ¶ 4.

6. Claimant's son, Jay Caswell, also works full-time at the motel.  He draws a salary of $3,319.52 per month for this work.  Ex. A ¶ 4.

7. Claimant's daughter, Julie Gath, also works at the motel and draws a salary of $2,465.84 per month.  Ex. A ¶ 4.

8. The Motel Caswell is Claimant's predominant source of income and has been for most of his life.  Ex. A ¶ 3.

9. Claimant is 68 years old.  Ex. A ¶ 2.

10. The effect of this forfeiture will be to take the Motel Caswell from Claimaint, shut down the motel, sell the property, and distribute the proceeds of the forfeiture to government agencies.  Compl. 2; Ex. A ¶ 7.

11. Mr. Caswell has no pension and, apart from Social Security, the income generated from the motel's continuing operation is what he intends to rely upon to supply his livelihood in retirement for himself and for his wife.  Ex. A ¶ 5.

12. Mr. Caswell has considered selling the property and using the proceeds to establish retirement income for his livelihood in the event that his family does not want to operate the motel in future years.  Ex. A ¶ 5.

13. Mr. Caswell owns a garage on property adjacent to the motel, which is rented to others for $1,000 per month. Ex. A ¶ 6. In the past, he has also supplemented his income by providing welding services, a trade he anticipates having to retire from in the near future due to his age and the demands of caring for his ill wife. Ex. A ¶ 6.

14. Within the bounds of what is reasonable, Claimant has done all that one can do to prevent or stop criminal activity from occurring on his property and he has undisputedly worked with the local police to that end. Ex. A ¶ 8- 9.

15. In all of the nearly 50 years of his association with the property, state or local authorities have never accused Mr. Caswell of a crime or suggested that he has invited crime onto his property. Exh. A ¶ 8.

16. Mr. Caswell and his staff have always been completely cooperative with police and offered any assistance requested. Exh. A ¶ 8-9; Exh. D (Thomas Casey Deposition) at 70.

17. The federal government filed an action for forfeiture against the motel under 21 U.S.C. § 881(a)(7), on September 29, 2009. Compl. 1.

18. In support of the forfeiture, the federal government relies on local law enforcement, basing the forfeiture on five investigations between 2001 and 2009 by Tewksbury police officers, which had led to arrests and some prosecutions in Massachusetts courts by Middlesex County prosecutors for violations of Massachusetts controlled-substances laws. Compl. Ex. A. 1-27.

19. Plaintiff alleges that the underlying actions of third parties arrested by local law enforcement are probable cause that federal laws were violated, subjecting the Motel Caswell to forfeiture. Compl. 1-2.

20. The Tewksbury Police, through their cooperation with the federal government in this forfeiture, pursuant to 21 U.S.C. § 881(a) and (e), are eligible for direct payment of more than a million dollars as an "equitable sharing" grant from the federal government. This payment is based on a reasonable estimate of the net proceeds of forfeiture of the Motel Caswell, which has recently been assessed at $1,532,400, Ex. B (Town of Tewksbury Assessment), and the federal equitable sharing policy of providing 80 percent of the net proceeds of forfeiture to cooperating local and state law enforcement agencies. *See* U.S. Department of Justice, *Guide to Equitable Sharing for State and Local Law Enforcement Agencies* (DOJ Guide) 12-13, http://www.justice.gov/usao/ri/projects/esguidelines.pdf (last visited Nov. 7, 2011).

21. The State of Massachusetts has enacted comprehensive legislation regulating forfeiture. *See* Mass. Ann. Stat. Ch. 94C § 47.

22. Under federal law, property becomes subject to forfeiture when the government shows by the preponderance of evidence that the property has been "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" certain federal felony crimes. 21 U.S.C. § 881(a)(7).

23. Massachusetts state law protects owners of real property, such as the Motel Caswell, from having their property forfeited when it is used in criminal activity by third parties "unless the owner thereof knew or should have known that such conveyance or real property was *used in and for the business of unlawfully manufacturing, dispensing, or distributing* controlled substances." Mass. Ann. Stat. Ch. 94C § 47(c)(3) (emphasis added).

24. Massachusetts law requires that proceeds from property forfeited under state law be distributed 50 percent to police departments and 50 percent to prosecutors involved in the forfeiture.  *Id.* at § 47(d).

25. Under federal equitable sharing policies, 80 percent of the net proceeds of property forfeited under federal law in cooperation with a local or state law enforcement agency are paid directly to that agency.  DOJ Guide, at 12-13.

26. The Controlled Substances Act of 1984 created the program known as "equitable sharing," and the authorization for this program is codified at 21 U.S.C. § 881(e)(1)(A) and (e)(3).

27. The Attorney General may share property forfeited to the federal government with state or local law enforcement agencies where it "will serve to encourage further cooperation between the recipient State or local agency and Federal law enforcement agencies."  21 U.S.C. § 881(e)(3)(B).

28. The equitable sharing program distributes a share of the proceeds of federally forfeited property to "any State or local law enforcement agency which participated directly in the seizure or forfeiture of the property."  21 U.S.C. § 881(e)(1)(A).

29. Equitable sharing grants are made directly to state and local law enforcement agencies and cannot be redirected or appropriated by the state legislature.  DOJ Guide, at 3.

30. Local and state law enforcement agencies, and not state legislatures, are authorized by federal law to participate in the equitable sharing program.  *Id.* at 9-10.

31. To receive an equitable sharing grant, the participating law enforcement agency must sign an equitable sharing agreement and an affidavit attesting that their agency's use of

the funds corresponds to federal policies.  See DOJ Guide, Appendix E ("Equitable Sharing Agreement").

32. The equitable sharing program rules prohibit the redirection or appropriation of equitable sharing grants by state legislatures to uses other than federal priorities.  DOJ Guide, at 22.

33. Equitable sharing grants must be used according to federal priorities and prescriptions.  DOJ Guide at 16-25.

34. In recent years equitable sharing grants have approached $400 million per year.  *See* U.S. Department of Justice, *FY 2010 Asset Forfeiture Report, Equitable Sharing Payments*, http://www.justice.gov/jmd/afp/02fundreport/2010affr/report2b.htm (last visited Nov. 7, 2011).

35. More than $4.5 billion has been issued by the federal government in equitable sharing grants to state and local law enforcement agencies since 1985.  DOJ Guide, at "Foreword."

36. Peer-reviewed academic research has found that when state laws are more protective of property owners than is federal law, state and local law enforcement circumvent the state restrictions by participating to a greater degree in the equitable sharing program.  Ex. E at 275.

37. The United States Drug Enforcement Agency (DEA) Special Agent Vincent Kelly (SA Kelly) contacted the Tewksbury police department in the months prior to filing the instant action.  Ex. C (Kelly Affidavit) at 19-20.

38. SA Kelly's duties in his position with the DEA entail "mainly looking for properties to be forfeited."  Ex. C at 5.

39. In some cases, state and local law enforcement agencies contact SA Kelly seeking to cooperate in forfeiture actions with the federal government.  Ex. C at 7.

40. SA Kelly also discovers property that may be subject to forfeiture by reviewing newspapers and searching on the Internet.  He then reaches out to state and local law enforcement agencies to investigate opportunities for forfeiture.  Ex. C at 5-9.

41. SA Kelly was unable to recall at his deposition precisely how the Motel Caswell became the focus of his interest, but he "believe[s] [he] found out about the Motel Caswell on [his] own through the Internet [or] newspapers."  Ex. C at 19.

42. On the basis of that discovery, SA Kelly contacted a police officer in a neighboring town who referred him to a "friend" in the Tewksbury Police Department.  Ex. C at 19-20.

43. Although SA Kelly is unable to recall the identity of the initial contact at the Tewksbury Police Department, it is clear that he met with various people at the police department after the initial contact to discuss the Motel Caswell and explain the federal government's equitable sharing program, including the policy by which local law enforcement agencies participating in federal forfeiture actions are able to receive up to 80 percent of the proceeds of the forfeiture.  Ex. C at 65-66.

44. Peer-reviewed academic research has shown that when state forfeiture laws are more protective of property owners than federal law, as in the case of Massachusetts, the equitable sharing program has the effect of overriding the legislative choices of the states with respect to forfeiture in favor of federal policy.  Ex. E (Jefferson E. Holcomb, *et al.*, *Civil asset forfeiture, equitable sharing, and policing for profit in the United States*, 39 J. Crim. Just. 273 (2011)).

November 8, 2011

Respectfully submitted,
Claimant,
By his Attorneys,

/s/ Lawrence Salzman
Scott Bullock, Esq., *pro hac vice*
Lawrence Salzman, Esq., *pro hac vice*
Institute for Justice
901 N. Glebe Road, Suite 900
Arlington, VA  22203
(703) 682-9320
(703) 682-9321 (fax)
sbullock@ij.org
lsalzman@ij.org

George W. Skogstrom, Jr., Esq. (BBO #552725)
Tiffany L. Pawson, Esq. (BBO# 672713)
Schlossberg | LLC
35 Braintree Hill Office Park, Suite 204
Braintree, MA 02184
(781) 848-5028
(781) 848-5096 (fax)
gskogstrom@sabusinesslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Claimant's Motion for Summary Judgment and Statement of Material Facts was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Lawrence Salzman
Lawrence Salzman, Esq., *pro hac vice*