UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 09-11635-JGD |
| 434 MAIN STREET, TEWKSBURY, | ) | |
| MASSACHUSETTS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| RUSSELL H. CASWELL, as Trustee | ) | |
| of the Tewksbury Realty Trust, | ) | |
| | ) | |
| Claimant. | ) | |

## ORDER ON CLAIMANT'S MOTION IN LIMINE

August 7, 2012

DEIN, U.S.M.J.

This matter is before the court on the Claimant's "Motion *in Limine* Concerning

Evidence of Conduct Occurring on the Motel Caswell Premises that Cannot, as a Matter

of Law, Give Rise to Forfeiture" (Docket No. 82).  After consideration of the parties'

written submissions and their oral arguments, the motion is hereby ALLOWED IN PART

and DENIED IN PART WITHOUT PREJUDICE as follows:

1.     The relevant case law does not preclude the Government from relying on

evidence of misdemeanors in order to establish a substantial connection between the

defendant property and the offenses giving rise to forfeiture, or to rebut the claimant's

innocent owner defense.  <u>See</u>, <u>e.g.</u>, <u>United States v. Real Prop. Located at 3234 Washington Ave. N. Minneapolis, Minn.</u>, 480 F.3d 841, 843 (8th Cir. 2007) (relying on evidence of on-going drug activity at property to support substantial connection between property and the offense); <u>United States v. Collado</u>, 348 F.3d 323, 327-28 (2d Cir. 2003) (affirming summary judgment for Government where evidence showed that claimant had knowledge of widespread, drug-related activity at property); <u>United States v. 3402 53rd St. West, Bradenton, Fl.</u>, 178 Fed. Appx. 946, 947 (11th Cir. 2006) (ruling that government may rely on circumstantial evidence to show substantial connection between defendant property and the offense).  Accordingly, the Government may present evidence of misdemeanor crimes at trial.  However, such evidence shall be limited to crimes involving drug-related activities at the defendant property.

2.      By **October 3, 2012**, the Government shall identify for the Claimant the specific incidents of drug-related crimes that it intends to rely upon at trial.

3.      During the Final Pretrial Conference on **October 9, 2012**, the Claimant shall be prepared to address whether any limited additional discovery is necessary in light of the incidents identified by the Government pursuant to paragraph 2 above.

   / s / Judith Gail Dein<br>Judith Gail Dein<br>United States Magistrate Judge