UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>       Plaintiff,  )<br>            )<br>    v.  )<br>            )<br>434 MAIN STREET,  )<br>TEWKSBURY,  )<br>MASSACHUSETTS,  )<br>       Defendant,  )<br>_____)<br>            )<br>TEWKSBURY REALTY TRUST  )<br>       Claimant.  )<br>_____) | Civil Action No. 09-11635-JGD |

## UNITED STATES' ASSENTED-TO MOTION IN LIMINE REQUESTING SITE VISITS OF THE DEFENDANT PROPERTY AND CASWELL RESIDENCE

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts respectfully submits this Motion in Limine to request that the Court authorize a site visit of the Defendant Property[1] and the neighboring residence of Russell and Patricia Caswell (hereinafter, the "Caswell residence") during trial in this case.[2] Permitting the site visits is appropriate in this case because the visits will assist the Court in evaluating evidence critical to the Claimant's innocent owner defense under 18 U.S.C. § 983(d), and conducting the site visits would not pose any logistical problems.

Federal courts have the inherent ability, in either a civil or criminal case, to permit the viewing of places outside the courtroom. *Clemente v. Carnicon-Puerto Rico Management Associates, L.C., et al.*, 52 F.3d 383, 385 (1st Cir. 1995); *United States v. Passos-Paternina*, 918

---

[1] The "Defendant Property" is 434 Main Street, Tewksbury, Massachusetts. The "Motel Caswell," also known as the "Caswell Motel," is located on the Defendant Property.

[2] Trial is set for November 5, 2012. Docket No. 81.

F.2d 979, 986 (1st Cir. 1990). In any particular matter, the decision of whether to permit a site visit is based on the sound discretion of the court. *United States v. Gray*, 199 F.3d 547, 550 (1st Cir. 1999); *United States v. Crochiere*, 129 F.3d 233, 236 (1st Cir. 1997); *United States v. Pettiford*, 962 F.2d 74 (1st Cir. 1992). In determining whether to grant a site visit, a court may consider factors that include the time required for a view, the logistics of visiting a site, and the likelihood of the view leading to any confusion. *Crochiere*, 129 F.3d at 236.

      The site visits requested in this motion are appropriate because they would assist the Court in evaluating Claimant's innocent owner defense. If the United States establishes the forfeitability of the Defendant Property at trial, Claimant must then demonstrate by a preponderance of the evidence that he is an innocent owner of the Defendant Property in order to prevail. Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983(d)(1) and (d)(6). Under the innocent owner defense, the Claimant must establish that he did not know of the drug-related conduct giving rise to forfeiture of the Defendant Property, or that upon learning of the criminal conduct, did all that could be reasonably expected under the circumstances to terminate such use of the property. 18 U.S.C. § 983(d)(2)(A). Throughout this case, the Claimant has asserted that it is an innocent owner of the Defendant Property, and the United States has maintained its position that Claimant knew of or was willfully blind to the criminal drug activity at the Defendant Property. Site visits of the Defendant Property and the Caswell residence would help the Court to evaluate evidence concerning the physical location of the Caswell residence to the Defendant Property and the layout of various structures on the Defendant Property, which may be helpful to determining whether or not Claimant is an innocent owner.

Moreover, the site visits would not pose any logistical problems in this case. The Defendant Property and the Caswell residence are adjacent to each other and both are located within a reasonable distance from where the trial will be conducted. Thus, transportation to the sites would not be onerous. Furthermore, as this is a bench trial, there would be no risk of confusion to the trier of fact.

Accordingly, for all of the aforementioned reasons, the United States respectfully requests that the Court allow site visits of the Defendant Property and the Caswell residence during the trial in this case.

    Respectfully submitted,

    CARMEN M. ORTIZ
    United States Attorney

By:   /s/ Sonya A. Rao
    SONYA A. RAO
    ANTON GIEDT
    VERONICA M. LEI
    Assistant United States Attorney
    United States Attorney Office
    1 Courthouse Way, Suite 9200
    Boston, MA  02210

Date:  September 21, 2012     (617) 748-3100

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Counsel for the United States has conferred with counsel for the Claimant, and Claimant's counsel has indicated that Claimant assents to the relief sought in this motion.

|  | /s/ Sonya A. Rao |
|---|---|
|  | SONYA A. RAO |
| Date:   September 21, 2012 | Assistant United States Attorney |

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 21, 2012.

|  | /s/ Sonya A. Rao |
|---|---|
|  | SONYA A. RAO |
| Date:   September 21, 2012 | Assistant United States Attorney |