UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 09-11635-JGD |
| 434 MAIN STREET, | ) |
| TEWKSBURY, | ) |
| MASSACHUSETTS, | ) |
| Defendant, | ) |
| | ) |
| | ) |
| TEWKSBURY REALTY TRUST | ) |
| Claimant. | ) |
| | ) |

**UNITED STATES' ASSENTED-TO MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING THE DEPARTMENT OF JUSTICE'S EQUITABLE SHARING PROGRAM**

Pursuant to Federal Rule of Evidence 401 (hereinafter, "Rule 401"), the United States of America respectfully requests that the Court exclude evidence regarding the Department of Justice Asset Forfeiture Equitable Sharing Program (hereinafter, the "Program"), as such evidence would be irrelevant to the issues to be tried.[1]

Under the Program, which is authorized pursuant to the federal equitable sharing provision statutes (*i.e.*, 21 U.S.C. § 881(e), 18 U.S.C. § 981(e)(2), and 19 U.S.C. § 1616a(c)(1)), the Attorney General is granted discretionary and limited authority to transfer federally forfeited property to state and local law enforcement agencies that directly participate in an investigation or law enforcement operation resulting in forfeiture.  Docket No. 72-1 at p. 3; Docket No. 72-2 at

---

[1] The constitutionality of the Program under the Eighth and Tenth Amendments was challenged in Claimant's Motion for Summary Judgment and Statement of Material Facts ("Summary Judgment Motion").  Docket No. 68.  The Court denied Claimant's Summary Judgment Motion, holding that the Eighth Amendment claim was premature and the Claimant lacked standing to bring the challenge under the Tenth Amendment.  Docket No. 77.

p. 10, 24; 21 U.S.C. § 881(e); 18 U.S.C. § 981(e)(2); 19 U.S.C. § 1616a(c)(1).  In any given case, the Attorney General is not required to share property with state and local law enforcement agencies.  Docket No. 72-1 at p. 3; Docket No. 72-2 at p. 10-1, 24.  Docket No. 72-1 at p. 4; Docket No. 72-2 at p.10, 24.  Importantly, the federal equitable sharing of a property occurs only after a final order of forfeiture has been entered by the court.  Docket No. 72-1 at p. 3.

Excluding evidence regarding the Program is appropriate in this case because it is irrelevant to the issues to be decided at trial.  Rule 401 specifies that evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Evidence regarding the Program does not meet the relevancy standard set forth in Rule 401.

The Program does not make a fact in this case more or less probable, and thus it simply has no bearing on any of the issues (*i.e.*, forfeitability and the innocent owner defense) to be determined at trial.  Nothing about the Program helps the Court determine whether there is a substantial connection between the Defendant Property and criminal drug activity.  Nor does the Program have any bearing on what Claimant knew about criminal drug activity at the Defendant Property or whether steps to curtail the criminal activity were ever taken.  In fact, as previously stated, the Program comes into play only after a final order of forfeiture is entered in this case.

Wherefore, for all of the foregoing reasons, the United States respectfully requests that the Court exclude evidence at trial concerning the Program.

                   Respectfully submitted,

                   CARMEN M. ORTIZ
                   United States Attorney

            By:  /s/ Sonya A. Rao
                   SONYA A. RAO
                   ANTON GIEDT
                   VERONICA M. LEI
                   Assistant United States Attorney
                   United States Attorney Office
                   1 Courthouse Way, Suite 9200
                   Boston, MA  02210
Date:   September 21, 2012         (617) 748-3100

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Counsel for the United States has conferred with counsel for the Claimant, and Claimant's counsel has indicated that Claimant assents to this motion.

                   /s/ Sonya A. Rao
                   SONYA A. RAO
Date:   September 21, 2012         Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 21, 2012.

                   /s/ Sonya A. Rao
                   SONYA A. RAO
Date:   September 21, 2012         Assistant United States Attorney