UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>434 MAIN STREET,<br>TEWKSBURY,<br>MASSACHUSETTS,<br>　　　　　　　Defendant,<br>_____<br><br>TEWKSBURY REALTY TRUST<br>　　　　　　　Claimant.<br>_____ | )<br>)<br>)<br>)<br>)　Civil Action No. 09-11635-JGD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING CRIMINAL ACTIVITY AT OTHER LOCATIONS

Pursuant to Federal Rule of Evidence 401 (hereinafter, "Rule 401"), the United States of America respectfully requests that the Court exclude evidence at trial concerning criminal activity at locations other than the Defendant Property.[1] Exclusion of such evidence at trial is appropriate because it is irrelevant to the issues to be decided at trial. Rule 401 specifies that evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence concerning criminal activities at properties other than the Defendant Property does not meet the relevancy standard set forth in Rule 401.

At trial, the United States must demonstrate by a preponderance of the evidence that the Defendant Property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Specifically, the government must show that the Defendant Property was used, or was intended to be used, to commit a crime,

---

[1] The "Defendant Property" is 434 Main Street, Tewksbury, Massachusetts. The "Motel Caswell," also known as the "Caswell Motel," is located on the Defendant Property.

or must facilitate the commission of a crime.  *See 18 U.S.C. § 983(c)(3); United States v. One Parcel of Real Property*, 900 F.2d 470, 474 (1st Cir. 1990); *United States v. Schifferli*, 895 F.2d 987, 990 (4th Cir. 1990).  Evidence of criminal activity at *other* properties does nothing to establish that the Defendant Property was used to facilitate criminal activity.  Thus, with regard to the issue of forfeitability, criminal activity at locations other than the Defendant Property is irrelevant.

Such evidence is similarly irrelevant to the second issue that the Court must decide at trial, *i.e.*, whether or not Claimant has shown by a preponderance of the evidence that it is an innocent owner.  In order to prevail on an innocent owner defense, Claimant must demonstrate that it either did not know of the conduct giving rise to forfeiture or, upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate the illegal use.  18 U.S.C. § 983(d)(2)(A).  Evidence of criminal activity at locations other than the Defendant Property does nothing to demonstrate that Claimant did not know about drug activity at the Defendant Property, nor does it demonstrate that Claimant took reasonable steps to curb the criminal activity at the Defendant Property.  Thus, such evidence is irrelevant to the innocent owner issue, as well.

Accordingly, for all of the foregoing reasons, the United States respectfully requests that the Court exclude evidence at trial concerning the criminal activity at locations other than the Defendant Property.

> Respectfully submitted,
>
> CARMEN M. ORTIZ
> United States Attorney
>
> By:    /s/ Sonya A. Rao
> SONYA A. RAO
> ANTON GIEDT
> VERONICA M. LEI
> Assistant United States Attorney
> United States Attorney Office
> 1 Courthouse Way, Suite 9200
> Boston, MA  02210
> (617) 748-3100

Date:   September 21, 2012

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Counsel for the United States has conferred with counsel for the Claimant, and Claimant's counsel has indicated that Claimant does not assent to this motion.

> /s/ Sonya A. Rao
> SONYA A. RAO
> Assistant United States Attorney

Date:   September 21, 2012

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 21, 2012.

> /s/ Sonya A. Rao
> SONYA A. RAO
> Assistant United States Attorney

Date:   September 21, 2012