UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____)
UNITED STATES OF AMERICA,          )
     PLAINTIFF,                  )
                     )          CIVIL ACTION NO.
vs.                                )          09-11635-JGD
                     )
434 MAIN STREET, TEWKSBURY,        )
MASSACHUSETTS,                     )
     DEFENDANT.                  )
_____)
                     )
RUSSELL H. CASWELL, Trustee of     )
the Tewksbury Realty Trust,        )
     CLAIMANT.                   )
_____)

**CLAIMANT'S OPPOSITION TO UNITED STATES'
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
CONCERNING CRIMINAL ACTIVITY AT OTHER LOCATIONS**

      The United States has filed a motion *in limine* to exclude evidence from the

upcoming trial concerning criminal activity at locations other than the Motel Caswell.

For the reasons below, its request is overly broad and would exclude clearly relevant

evidence that may be potentially necessary in support of Claimant Russell Caswell's

innocent owner defense.  Mr. Caswell does not oppose the grant of a more limited

exclusion of evidence of crimes at other properties, which would allow him to present

appropriate evidence of crime at other properties for rebuttal purposes should the

government open the door to such evidence by its own presentation.

The government correctly states that it has the burden of demonstrating that Mr. Caswell's property is subject to forfeiture—that it has the burden of establishing a substantial connection between the Motel Caswell and felony drug crimes pursuant to 21 U.S.C. § 881(a)(7). The government concludes, therefore, that "evidence of criminality at other properties does nothing to establish that the Defendant Property was used to facilitate criminal activity." Pl.'s Mot. at 2. On this much the parties agree: Evidence of crime at locations other than the Motel Caswell has no relevance to the government's case that there is a substantial connection between the Motel Caswell and felony drug crimes that have occurred there.

Mr. Caswell will not introduce evidence of criminal activity at locations apart from the Motel Caswell as a part of his case-in-chief. This decision reflects the Court's comments and ruling during the hearing on Mr. Caswell's previous motion *in limine*. It is possible, however, that such evidence may be necessary and relevant to introduce in rebuttal of testimony or evidence that the government may seek to introduce in its own case. It is vital to Mr. Caswell's defense that his right to introduce such evidence in rebuttal is preserved.

During depositions and in its court presentations to date, the government has referred to the allegedly poor reputation of the Motel Caswell. It appears poised as part of its own case to introduce evidence of the reputation of the Motel—through the testimony of police officers, through media reports, or otherwise—as a means of arguing what Mr. Caswell should have known about crime inside rooms at the property, or to establish what steps would have been reasonable to take to reduce or terminate crime at

the property.  Mr. Caswell believes such reputational evidence is irrelevant and will object to its introduction.

If the government is allowed to offer testimony of the Motel's reputation, however, evidence of crimes occurring at locations apart from the Motel Caswell would be relevant to its rebuttal.  The reputation of the Motel is by its nature a comparative standard.  Admittedly, some felony drug crimes have occurred on the premises of the Motel Caswell over the years.  Whether this makes the property bad or worse than others—the basis of its reputation—raises the question "bad or worse as compared to what?"

In rebuttal of reputational testimony offered by the government, Mr. Caswell seeks to preserve his right to demonstrate that during various years other motels in the community had similar or greater levels of drug crime and that the experience of other properties could then be relevant to establishing what steps count as "reasonable" at his own property.

On the basis of the foregoing, Mr. Caswell can assent to the exclusion of evidence concerning crimes at properties other than the Motel Caswell as a part of either parties' case-in-chief, but seeks to preserve his right to offer such evidence for purposes of rebuttal, and particularly in rebuttal of reputational evidence that the government might seek to introduce.

September 25, 2012
                                                     Respectfully submitted,
Claimants,
By Their Attorneys,

/s/ Lawrence Salzman
Scott Bullock, *pro hac vice*
Lawrence Salzman, *pro hac vice*

Institute for Justice
901 N. Glebe Road #900
Arlington, VA  22203
(703) 682-9320
(703) 682-9321 (fax)
sbullock@ij.org
lsalzman@ij.org

George W. Skogstrom, Jr. (BBO #552725)
Tiffany L. Pawson (BBO #672713)
Schlossberg | LLC
35 Braintree Hill Office Park, Ste. 204
Braintree, MA 02184
(781) 848-5028
(781) 848-5096 (fax)
gskogstrom@sabusinesslaw.com
tpawson@sabusinesslaw.com

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

I HEREBY CERTIFY that I conferred with opposing counsel in a good faith attempt to resolve or narrow the issues.

/s/ Lawrence Salzman_____
Lawrence Salzman, *pro hac vice*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Claimant's Opposition to United States' Motion *In Limine* to Exclude Evidence Concerning Criminal Activity at Other Locations was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Lawrence Salzman_____
Lawrence Salzman, *pro hac vice*