UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF,<br><br>vs.<br><br>434 MAIN STREET, TEWKSBURY,<br>MASSACHUSETTS,<br>DEFENDANT. | CIVIL ACTION<br>NO. 09-11635-JGD |
| RUSSELL H. CASWELL, Trustee of<br>the Tewksbury Realty Trust,<br>CLAIMANT. | |

**MOTION *IN LIMINE* TO LIMIT THE GOVERNMENT'S PROPOSED "SPECIFIC INCIDENTS TO BE INTRODUCED AT TRIAL" AND TO EXCLUDE THE GOVERNMENT'S "SUMMARY EVIDENCE"**

Claimant Russell Caswell files this motion *in limine* to limit the Government's October 4, 2012 list of "Specific Incidents to Be Introduced at Trial," *see* Attach. A, and to exclude all "summary evidence" identified in its October 5, 2012 list, *see* Attach. D.

## INTRODUCTION

Less than a month before trial begins on November 5, the United States has set forth on a path that threatens both to deprive Mr. Caswell of his ability to effectively defend against the loss of his motel, and to needlessly delay and prolong the trial, throwing this Court's schedule into disarray. After the last hearing on August 6, 2012, in partially granting Claimant's motion *in limine*, this Court ordered: "By October 3, 2012, the Government shall identify for the Claimant the specific incidents of drug-related

crimes that it intends to rely upon at trial." Order on Claimant's Motion *in Limine* [Docket No. 86], Aug. 7, 2012 at 2. Concerned with keeping "some boundaries of normalcy on this trial" (Tr. of Aug. 6, 2012 Motion Hearing [Docket No. 87] at 31), the Court's ruling aimed at avoiding redundant evidence by the Government which would place "an unlimited burden" on the "individual defending this suit." *Id*. at 32. Accordingly, the Court made clear that the contemplated list should identify ***all*** of the incidents that the Government intends to put in at trial. *See, e.g.*, *id*. at 36, 37.

Contravening this Court's clear instructions, the Government produced two untimely lists to Mr. Caswell: one list of 19 incidents that it intends to "present[] at trial through fact witnesses" and another list of 28 incidents that it intends to introduce in "summary fashion." *See* Attach. B (Oct. 4, 2012 email from Atty. Lei). Rather than avoiding redundant evidence, these two lists include virtually every incident of drug-related activity at the motel in almost 20 years. It appears that the incidents the Government excluded from entire universe of discovery consist mainly of those involving tainted evidence processed by Annie Dookhan at the Massachusetts State Drug Laboratory. *See* Attach. E (Oct. 5, 2012 letter from Atty. Lei).

Moreover, in compiling its list of incidents to be presented at trial through live testimony, the Government seems to rely on incidents involving officers whom Mr. Caswell has not already deposed. Consequently, permitting this evidence would require re-opening discovery so that he may depose eight additional officers. Even worse, by seeking to introduce "summary evidence" of 28 incidents at the motel, some going back to 1996, the Government will add a virtually "unlimited burden" on Mr. Caswell. In order to prepare for trial, Mr. Caswell would need to depose at least twelve officers

beyond the nine individuals that he has already deposed, including at least one officer that has been retired from the Tewksbury police force for over a decade and who, thus far, has refused to cooperate with either the Government or Claimant. Further, in order to challenge this redundant evidence at trial, Mr. Caswell would need to subpoena all 21 individuals.

At the October 9, 2012 pre-trial conference, Mr. Caswell expected that he would be working from a reasonable list of evidence that would allow both parties to present their cases to the Court. At most, Mr. Caswell hoped to ask this Court to depose a small number of additional witnesses, which could be accomplished in a day or two, and that would permit the trial date to remain in place. Instead, the Government has produced two lists that threaten to deprive Mr. Caswell of his ability to defend against this unprecedented taking of his property, while throwing the case and looming trial into chaos.

With regard to the Government's first list concerning live testimony, Mr. Caswell hopes that the Government will adopt a more reasonable approach by including felonies or misdemeanors that largely involve officers that have already been deposed in the case, or felonies or misdemeanors dating back only ten years. Either of these approaches limits the amount of further discovery needed and keeps the trial date on track. These matters can be discussed further at the pre-trial conference. With regard to the second list of "summary evidence," Mr. Caswell moves to exclude such evidence, thereby obviating the need to: (i) re-open discovery on a significant scale; (ii) subpoena for trial dozens of witnesses; and (iii) delay and prolong the trial.

## ARGUMENT

**I. Unless Limited, the Government's List of Incidents to be Presented Through Live Testimony Requires Claimant to Conduct at Least Eight Additional Depositions.**

In response to this Court's August 7, 2012 order, the Government belatedly produced a list of 19 "Specific Incidents to be Presented at Trial" through live testimony. In compiling this list, the Government appears to have relied on incidents involving police officers whom have not been deposed by Mr. Caswell due to his limited resources during initial discovery. In several cases, officers involved in the incidents selected by the Government have been unavailable or particularly uncooperative. *See* Attachment C (report of phone call by Drug Enforcement Administration Special Agent Vincent Kelly to retired Tewksbury Police Officer Budryk, refusing to meet with the Government). Consequently, Mr. Caswell would need to depose eight additional police officers in order to be able to prepare for trial and contest the Government's evidence.

However, as can be discussed in more detail during the pretrial conference, narrowing this list in various ways would avoid the significant discovery burden on Mr. Caswell and the likely postponement of the trial. One possibility would be for the Government to cull through the incidents and select only felonies and misdemeanors involving the eight police officers[1] who have already been deposed by Mr. Caswell.

As the Court has recognized, Mr. Caswell is an individual defending himself against the full resources of the United States government. During the initial period of this case and through nearly all of the discovery period, he was defending himself at his own expense and with limited means available. By its nature (and through a *lis pendens*

---

[1] Eight of the individuals deposed by Mr. Caswell are members of the Tewksbury Police Department. United States Drug Enforcement Administration Special Agent Vincent T. Kelly was also deposed.

filing), the forfeiture action has encumbered his most substantial asset, thereby further depriving him of resources.

The Government's initial complaint against Mr. Caswell alleged seven investigations of felony narcotics crimes at the Motel Caswell as the basis for forfeiture. Mr. Caswell's primary counsel at the time of early discovery deposed at least one Tewksbury Police officer involved in six of those seven investigations—omitting the oldest investigation involving two retired officers. The seven officers deposed in 2011, collectively, were involved in nearly two-thirds of all of the felony arrests at the Motel Caswell since 1994 and nearly 100% of the felony arrests since 2002. Since then one additional representative of the Tewksbury Police Department has been deposed in a 30(b)(6) deposition.[2] Such extensive depositions would have been sufficient assuming any reasonable path of litigation by the Government. By limiting the Government to selecting felony and misdemeanor incidents involving already-deposed officers, the Court would be providing the Government with a universe of more than 30 representative incidents across 10 years while also not burdening Mr. Caswell with the demands of conducting additional discovery or risking delay of the trial. By contrast, the Government has reached back nearly 20 years and culled through the incidents that they wish to present at trial through live testimony to find the maximum number involving officers that have not been deposed by Mr. Caswell.

[2] On August 21, 2012, Chief Timothy Sheehan and Lt. Thomas M. Casey of the Tewksbury Police Department were deposed as representatives of Town of Tewksbury. Lt. Casey had been previously deposed on March 29, 2011, in his capacity as an arresting officer involved in certain incidents at the motel. During August 2012, when negotiating the terms of the 30(b)(6) deposition, Claimant's counsel was informed that Deputy Chief John Voto was not available until October 2012. It became clear at the 30(b)(6) deposition that he was the only town representative capable of giving definitive answers to questions about a meeting between himself and various hotel managers in December 2007. Whether it will be necessary to depose Deputy Voto depends in part upon whether the Government intends to call him as a witness.

Alternatively, instead of limiting the Government's selection of incidents to those involving officers that have been deposed by Mr. Caswell, the Court could consider limiting the evidence by time. One approach, for instance, would be to limit the list of 19 specific incidents to be introduced at trial that the Government has created to only those occurring after 2000. So limited, the Government would have more than adequate incidents to prove its case at trial. Moreover, Mr. Caswell would need only limited additional discovery (at most, four depositions limited to asking a small number of questions, and which could be conducted together in one or two days depending on the officers' schedules) that would not delay the trial.

Either of these approaches comports best with this Court's August 7, 2012 ruling and balances both parties' interests in presenting their case at trial.

## II. The Government's Proposed "Summary Evidence" of Virtually All Remaining Incidents Blatantly Violates this Court's August 7, 2012 Order and Should be Excluded.

In addition to its list of specific incidents disclosed on October 4, 2012, the Government reserved its "right to provide summary evidence of a history/pattern of criminal activity at trial" through other incidents. *See* Attach. A. In a telephone conference on the morning of October 5, 2012 to clarify what the Government meant by "summary evidence," it became clear that counsel for the Government intended to introduce summary evidence (presumably under Fed. R. Evid. 1006) of nearly every other drug-related felony or misdemeanor at the motel in the past 18 years, with the exception of several incidents involving evidence tainted by the Annie Dookham scandal. At the insistence of the Claimant's counsel, the Government produced, late Friday

afternoon, a list of 28 incidents it intended to present through summary evidence. *See* Attach. D.

The Government's attempt to introduce "summary evidence" of virtually all other felonies and misdemeanors blatantly violates this Court's August 7, 2012 order which was issued to prevent the introduction of redundant evidence and minimize the burden Mr. Caswell would have in defending himself in this lawsuit. The Court specifically cautioned the Government to limit their case to "a finite amount of evidence that will prove [the Government's] point and not prove it redundantly." Tr. at 32. A list that includes every virtually every other felony and misdemeanor drug crime dating back nearly 20 years is the very definition of redundancy.[3]

Additionally, it is clear that these 28 incidents involve more than a dozen police officers that have not been deposed previously by Mr. Caswell and whose recollection of the particular incidents will be impaired by time. Re-opening discovery to allow Mr. Caswell to depose these officers would needlessly protract this case without providing the Government with anything they do not already have.

The Government's actions are consistent with its expansive approach to this litigation all along. Its initial complaint was premised on an affidavit detailing seven felony drug investigations between 2001 and 2008. Based on Mr. Caswell's reading of the complaint, and his resources, he deposed police officers involved in almost all felony drug incidents at the motel during the past 10 years. Yet during discovery the Government turned over a mountain of records involving both drug and non-drug crimes

[3] Furthermore, the Government's attempt to introduce "summary evidence" contradicts its assertion at the hearing that it "would not frivolously put in . . . every incident if [it] did not feel that it had a purpose, but we would look very hard at the incidents amongst those that we produced [during discovery.]" Tr. at 21.

at the property without committing to presenting only drug-related incidents at trial until made to do so through a motion *in limine*. Mr. Caswell was not certain that only drug-related incidents would be used until the motion *in limine* hearing in August of this year. Limited to drug-related offenses, the Government sought to introduce not only felony crimes giving rise to forfeiture, but misdemeanors. Moreover, disregarding any concern for the staleness of evidence, the unavailability of witnesses, or policies of repose, the Government continued to reach back 20 years in search of drug-related incidents.[4] When the Court ordered the Government to find some "finite amount of evidence that will prove [its] point and not prove it redundantly," tr. at 32, the Government has responded by setting forth nearly every drug-related incident—both felony and misdemeanor—that has occurred at the Motel Caswell since 1994.

Moreover, the Government's sweeping approach completely ignores the Court's concern that the Government only put into evidence misdemeanors with "some sort of public element to" them and not those in which someone "got arrested behind closed doors and there was no evidence of it to the public." Tr. 35. There is no indication that either of the Government's lists was compiled with this caveat in mind.

Finally, if the Government is permitted to introduce summary evidence of virtually all other incidents, Mr. Caswell must have the opportunity at trial to challenge each of the incidents on which a forfeiture of his property is based. A "summary" of those incidents is not subject to cross-examination or impeachment and deprives him of the opportunity to fulfill his burden of showing that he is an innocent owner with respect to each of the incidents alleged by the Government. The only way for Mr. Caswell to

[4] The only apparent reason why the Government has gone back 20 years, rather than 30, 40, or more, seems to be the fact that the Tewksbury Police electronic records are not available beyond 1994.

contest the summary evidence is to subpoena literally dozens of individual police officers to appear, a number of whom are retired and may not be available, and to examine them with respect to the incidents in which they were involved as arresting officers. The suggestion of summary evidence of nearly all incidents is a ludicrous contradiction of the Court's expectation to preserve the bounds of normalcy and avoid infinite and redundant evidence at trial.

Introducing "summary evidence" of 28 drug-related incidents would be a grave injustice to Mr. Caswell and would significantly delay and prolong this trial.

**CONCLUSION**

In sum, the Government's position amounts to wanting to introduce at trial both: (1) live testimony on 19 drug-related incidents, many of which involve officers not previously deposed by Claimant and dating back to 1994; and (2) summary evidence (presumably under Rule 1006) of nearly everything else disclosed to Claimants during discovery. In light of this Court's August 7, 2012 ruling seeking to limit the amount of redundant evidence and prevent imposing an unlimited burden on Mr. Caswell in defending against this unprecedented action by the United States, the Government's position is untenable. For the foregoing reasons, Mr. Caswell respectfully requests the Court to limit the Government's October 4, 2012 list of "Specific Incidents to Be Introduced at Trial" and to exclude any summary evidence of incidents identified in its October 5, 2012 list.

October 9, 2012

Respectfully submitted,
Claimant,
By their Attorneys,

/s/ Lawrence Salzman_______________
Scott Bullock, *pro hac vice*
Lawrence Salzman, *pro hac vice*
Institute for Justice
901 N. Glebe Road Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)
sbullock@ij.org
lsalzman@ij.org

George W. Skogstrom, Jr. (BBO #552725)
Tiffany L. Pawson (BBO# 672713)
Schlossberg | LLC
35 Braintree Hill Office Park, Ste. 204
Braintree, MA 02184
(781) 848-5028
(781) 848-5096 (fax)
gskogstrom@sabusinesslaw.com
tpawson@sabusinesslaw.com

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)**

I HEREBY CERTIFY that I conferred with opposing counsel in a good faith attempt to resolve or narrow the issues.

/s/ Lawrence Salzman______________
Lawrence Salzman, *pro hac vice*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing MOTION *IN LIMINE* TO LIMIT THE GOVERNMENT'S PROPOSED "SPECIFIC INCIDENTS TO BE INTRODUCED AT TRIAL" AND TO EXCLUDE THE GOVERNMENT'S "SUMMARY EVIDENCE" was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Lawrence Salzman______________
Lawrence Salzman, *pro hac vice*