UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                        )
UNITED STATES OF AMERICA,      )
    PLAINTIFF,                               )
                                                        )     CIVIL ACTION
VS.                                                    )     NO. 09-11635-JGD
                                                        )
434 MAIN STREET, TEWKSBURY,  )
MASSACHUSETTS                        )
    DEFENDANT.                             )
_____)
                                                        )
RUSSELL H. CASWELL, Trustee of  )
the Tewksbury Realty Trust,             )
    CLAIMANT.                               )
_____)

## MEMORANDUM IN OPPOSITION TO
## UNITED STATES' MOTION TO TAKE JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(e), Claimant Russell Caswell respectfully requests an opportunity to be heard on the propriety of taking judicial notice of the content of 11 newspaper articles submitted by the United States in its Motion to Take Judicial Notice ("Mot."). *See* Ex. B to U.S. Mot. [Docket No. 103.][1]

Although Claimant does not object to taking judicial notice of the existence of these newspaper articles, judicially noticing their content is not appropriate under Federal Rule of Evidence 201 and the governing case law, particularly here, where the facts are disputed and the Government will have an opportunity to introduce facts into the record at trial through its witnesses and exhibits listed in the Joint Pretrial Memorandum. [Docket No. 104.]

---

[1] In its motion, the United States also requested the Court to take judicial notice of Mass. Gen. Laws ch. 140, § 27 (2012). *See* Ex. A to U.S. Mot. In contrast to municipal ordinances and regulations of local government boards and councils, a state law is a proper matter for a court to judicially notice. *Getty Petroleum Mktg., Inc. v.*

## ARGUMENT

Taking judicial notice of the content of newspaper articles, which include disputed facts, exceeds the bounds of Federal Rule of Evidence 201.  "It is a fundamental principle of our jurisprudence that a factfinder may not consider extra-record evidence concerning ***disputed*** adjudicative facts."  *Lussier v. Runyon*, 50 F.3d 1103, 1113 (1st Cir. 1995) (emphasis added).  A corollary to this principle is that a court "may judicially notice a fact that is not subject to reasonable dispute."  Fed. R. Evid. 201.  Rule 201 narrowly defines the two circumstances in which a fact is not subject to reasonable dispute:  (1) facts "generally known within the trial court's territorial jurisdiction;" or (2) facts that "can be accurately and readily determined from sources whose accuracy cannot be questioned."  Fed. R. Evid. 201(b).  The First Circuit has cautioned that courts should apply Rule 201(b) stringently because "accepting disputed evidence not tested in the crucible of trial is a sharp departure from standard practice."  *Lussier*, 50 F.3d at 1114.

Here, the United States requests the Court to judicially notice 11 newspaper articles, spanning from 1986 to 2010, which were either published in *The Lowell Sun* or *The Boston Globe*.  As an initial matter, the Government's attempt to introduce evidence of other drug-related incidents through newspaper articles, including two from 1986, flies in the face of this Court's order limiting the Government at trial to specifically identified incidents.  [Docket No. 93.]  Furthermore, although Claimant does not oppose judicially noticing the fact that the remaining newspaper articles exist and were published on a specific date by a certain newspaper, the content of those articles does not constitute the kind of facts permitted to be judicially noticed.  *See Greenspan v. Random House Inc.*, No. 12-1594, 2012 U.S. App. LEXIS 22285,

2012 WL 5188792, at *1 (1st Cir. Oct. 16, 2012) (denying motion to take judicial notice of content in newspaper article).

First, the content of these 18 newspaper articles are not facts that are "generally known within the trial court's territorial jurisdiction." Generally known facts are "those that exist in the unrefreshed, unaided recollection of the populace at large." *Lussier*, 50 F.3d at 1114 (citing 21 Charles A. Wright and Kenneth W. Graham, Jr., Federal Practice and Procedure § 5105, at 489 (1977)). For example, courts have judicially noticed facts such as the traditional features of a snowman[2] or the impossibility of driving from one place to another in a certain period of time.[3] In contrast, rather than asking this Court to judicially notice a discrete fact or even a set of facts, the United States is seeking judicial notice of 18 documents. *See L.V. Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 649 (7th Cir. 2011) (affirming district court's refusal to take judicial notice of, *inter alia,* news articles to show Countrywide's predatory lending practices because party was not seeking judicial notice "of particular discrete facts, but a number of whole documents" and thus issue was not "a matter of judicial notice" but "more generally the admissibility of documents").

Moreover, merely because a fact is reported in the newspaper does not make it generally known. *See Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co.*, 993 F.2d 269, 272 &273 (1st Cir. 1993) (holding district court's use of scattered articles in the national press to find adjudicative fact was "public common knowledge" was "beyond the proper scope of judicial notice"). Rather, facts reported in newspaper articles may be judicially noticed under Rule 201 only when those facts are undisputed, and thus properly considered generally known. *See Northwest Bypass Group v. United States Army Corps of Engineers*, 488 F. Supp. 2d 22, 25 (D.

---

[2] *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 500 n.1 (2d Cir. 1982).
[3] *United States v. Baborian*, 528 F. Supp. 324, 332 (D. R.I. 1981)

N.H. 2007) (taking judicial notice of facts reported in extra-record newspaper articles "the essential accuracy of which has not been challenged"). Here, Claimant does not concede the accuracy of these newspaper articles.

Second, unlike the existence of the articles, the facts contained in the 18 newspaper articles cannot be readily determined from indisputable sources. *See Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991) ("That a statement of fact appears in a daily newspaper does not of itself establish that the stated fact is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably questioned.") (citations and internal quotations omitted). Indeed, the United States will already be introducing evidence at trial concerning specific drug-related incidents at the Motel Caswell through testimony of Tewksbury police officers and police records.[4]

In requesting judicial notice of the content of newspapers, the United States relies on an inapposite case. *See* Mot. at 2-3 (citing *Massachusetts Nurses Assoc. v. North Adams Regional Hospital*, 396 F. Supp. 2d 30 (D. Mass. 2005). In *Massachusetts Nurses Association*, involving a labor dispute and interpretation of an arbitration agreement, the district court took judicial notice of a news article (without objection from the plaintiff) in which representatives for the plaintiff were quoted describing the relationship of their current grievance with an earlier arbitration. *Id.* at 35.[5] In contrast to that case, where the court simply took notice of a party's own statements without objection from that party, the United States here points to no statements by a party-

---

[4] Although the United States seems to state that it is not submitting these articles for the truth of the matters reported, U.S. Mot. at 2, it is unclear for what other purpose the articles are being offered, other than to unacceptably prove an essential element of a claim or defense. This uncertainty about the purpose for which the documents are offered is perhaps one reason other courts have often noted that they "may take judicial notice only of facts, not documents." *Williams v. Sandham*, No. CIV S-04-2291 FCD KJM P, 2008 U.S. Dist. LEXIS 10271, 2008 WL 410611 at *4 (E.D. Cal. Feb. 12, 2008).

[5] While the court in *Massachusetts Nurses Association* did not discuss the issue, it is obvious that the ordinary objection to accepting the contents of newspaper articles—that they are hearsay—would not apply in that case because an opposing party's statement is not hearsay. Fed. R. Evid. 801(d)(2).

opponent, and the Claimant objects to the Court's accepting any of the newspaper articles for their truth.  The fact that courts may take judicial notice of non-hearsay statements in newspaper articles does not allow parties to use judicial notice as an end-run around the ordinary rules against hearsay.

## CONCLUSION

For the foregoing reasons, the United States' Motion to take Judicial Notice should be denied in part.  The following articles should be excluded in their entirety as they do not pertain to the evidence that the Government will present in this case and are beyond the scope of this Court's October 9, 2012 order [Docket No. 93]:

- July 29, 1986 article in the *Boston Globe*;
- August 5, 1986 article in the Boston Globe; and
- August 12, 2002 police arrest log in the *Lowell Sun*.

The April 10, 2010 article in the *Lowell Sun* should also be excluded because it does not pertain to the evidence that the Government will present in this case.  Finally, the Court may take judicial notice of the fact that newspaper articles were published about the October 9, 2005 drug-related incident that the Government will present evidence on at trial.

Dated:  November 2, 2012

Respectfully submitted,

/s/   Darpana M. Sheth
Darpana M. Sheth, *pro hac vice*
Scott G. Bullock, *pro hac vice*
Lawrence G. Salzman, *pro hac vice*
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel:  (703) 682 – 9320
Fax:  (703) 682 – 9321
sbullock@ij.org; lsalzman@ij.org; dsheth@ij.org

*Attorneys for Claimant*

George W. Skogstrom, Jr. (BBO #552725)
Tiffany L. Pawson (BBO # 672713)
SCHLOSSBERG | LLC
35 Braintree Hill Office Park, Suite 204
Braintree, MA 02184
Tel:  (781) 848 – 5028
Fax: (781) 848 – 5096
gskogstrom@sabusinesslaw.com
tpawson@sabusinesslaw.com
*Local Counsel for Claimant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing MEMORANDUM IN OPPOSITION TO UNITED STATES' MOTION TO TAKE JUDICIAL NOTICE was filed with the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/   Darpana M. Sheth
Darpana M. Sheth, *pro hac vice*