# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|          Plaintiff,       ) | |
|                          ) | |
|     v.       ) | |
|                          ) | Civil Action No. 09-11635-JGD |
| 434 MAIN STREET,       ) | |
| TEWKSBURY,       ) | |
| MASSACHUSETTS,       ) | |
|          Defendant,       ) | |
|                          ) | |
| TEWKSBURY REALTY TRUST,       ) | |
|          Claimant.       ) | |

## UNITED STATES' OPPOSITION TO
## CLAIMANT'S MOTION IN LIMINE TO STRIKE BERNARD PRUDE

The United States of America respectfully submits this Opposition to Claimant's Motion *in Limine* to Strike Bernard Prude (the "Motion"). As explained further below, the government has complied with Federal Rule of Civil Procedure 26(a)(1) since Prude is a rebuttal witness whose testimony will not be used to support the United States' case in chief. Moreover, if the Court finds that the United States did not comply with Federal Rule of Civil Procedure 26(a)(1), such non-compliance was either justified or harmless. The Court, therefore, should deny Claimant's Motion.

## ARGUMENT

**I.     The United States may call Bernard Prude as a rebuttal witness**

Claimant's position that Bernard Prude should be precluded from testifying at trial rests entirely on their assumption – albeit faulty – that Prude "has information regarding the facts and circumstances of [the government's] case." Motion at 3. Claimant also spends the bulk of its

1

Motion arguing that Prude will testify about crime at another area motel (specifically, the Tewksbury Motel 6), which the United States has consistently claimed throughout this case is irrelevant to the issues of forfeiture and innocent ownership. *Id*. at 2 – 4.  Contrary to Claimant's argument, Prude's testimony does not contradict the government's continued position that crime at other area motels and hotels is irrelevant in this civil forfeiture case.

The government expects Prude to testify about the procedures in place at the Motel 6, another Tewksbury lodging facility located less than a mile from the Motel Caswell.  The United States intends to question Prude about Motel 6 procedures concerning check-in, when police activity occurs, and when suspicious activity is detected.  Such testimony will be used to rebut the Claimant's anticipated defense that he is an innocent owner who either had no knowledge of drug-related criminal activity at the Defendant Property, or, "upon learning of the conduct giving rise the forfeiture, did all that could reasonably be expected to terminate such use of" the Defendant Property, pursuant to 18 U.S.C. § 983(d)(2).  Prude's anticipated testimony will provide the Court with a point of reference with which to determine if Claimant took all reasonable steps under the circumstances to curb the Defendant Property's involvement in illegal drug activity.  Additionally, the government expects Prude, a Tewksbury resident, to testify about his awareness of criminal activity at the Motel Caswell.  Such testimony directly rebuts Claimant's claim that it had no knowledge of similar illicit activity at the Defendant Property.  Since Prude is a rebuttal witness, the United States fully complied with Federal Rule of Civil Procedure 26 by disclosing Prude on the government's Pre-Trial Disclosures, filed on October 15, 2012 pursuant to Rule 26(a)(3) and Local Rule 16.5(d).  Docket No. 100 at 2.

Federal Rule of Civil Procedure 26(a)(1), which Claimant contends the government violated, requires a party to provide information for "each individual likely to have discoverable

information – along with the subjects of that information – that the disclosing party may use to support its **claims or defenses**, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)[1] (emphasis provided). As is evident from its plain language, the goal of Rule 26(a)(1) is to require parties in a civil action to disclose individuals who may have information pertaining to the disclosing party's case in chief. Rule 26(a)(1), however, does not require parties to provide rebuttal witnesses. *Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 558 (3d Cir. 2011) (holding that neither precedent nor any Federal Rule of Civil Procedure required the preclusion of rebuttal witnesses who were not disclosed in Rule 26 initial disclosures but were listed in a party's pretrial memorandum).

Parties may call witnesses for rebuttal purposes, even if such witnesses were not listed in Rule 26 initial disclosures. *See*, *e.g.*, *Long v. Procter and Gamble Mfg. Co.*, 2005 WL 1181888, at *2 (W.D. Tenn. March 16, 2005) (denying plaintiff's motion to strike affidavit of defendant's witness whom defendant offered to rebut plaintiff's claim and holding that defendant was not required to disclose such witness pursuant to Rule 26); *Figgins v. Advance Am. Cash Advance Cts. of Michigan, Inc.*, 482 F.Supp.2d 861, 868 (E.D. Mich. 2007) (denying defendant's motion *in limine* to exclude witness not identified in Rule 26(a) disclosures or through interrogatory responses, since such witness would be offered to counter an issue plaintiff would raise), *Titan Stone, Tile & Masonry, Inc. v. Hunt Const. Group, Inc.*, 2007 WL 1659056, at *5 (D.N.J. June 5, 2007) (denying motion *in limine* to preclude potential rebuttal witness disclosed at final pre-trial conference)[2]. In fact, district courts have "allowed parties to call witnesses in rebuttal even if the

---

[1] Forfeiture actions *in rem* arising from a federal statute are technically exempt from Federal Rule of Civil Procedure 26(a)(1)(A). FED. R. CIV. P. 26(a)(1)(B)(ii).

[2] According to the Advisory Committee Note to Rule 26(a)(1), 2000 Amendment, "[t]he disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party." At the same time, the same Advisory Committee Note states, "A party is no

3

witness was not disclosed in a pretrial order, so long as the witness and his testimony are within the scope of proper rebuttal." *Upshur v. Shepherd*, 538 F. Supp. 1176, 1180 (E.D.Pa. 1982); *see also United States v. Rashkow*, 601 F. Supp. 506, 507 (N.D. Ill. 1985) (even where government represented it would not call a certain individual as a rebuttal witness, and government knew for some time that defendant planned to raise a particular defense, government nevertheless could not be precluded from calling that certain individual as a rebuttal witness where that witness' testimony became essential to rebut evidence presented by defendant in his defense). It makes common sense that Rule 26 would not preclude a party from calling rebuttal witnesses who were not listed in Rule 26 initial disclosures, especially given that the need to call such witnesses may not become apparent until after trial begins. *Matthews v. Commonwealth Edison Co.*, 1995 WL 478820 at *3 (N.D. Ill. March 24, 1995).

Here, the United States has not waited until Claimant presents its innocent owner defense at trial to reveal Prude as a rebuttal witness. Instead, the government listed Prude in its Pre-Trial Disclosures, filed on October 15, 2012 (Docket No. 100 at 2), and disclosed his existence as early as June 15, 2011 in a report provided in discovery (Motion at 3). Because the United States has fully complied with Federal Rule of Civil Procedure 26, the Court should deny the Claimant's Motion.

## II.     Bernard Prude Should Not Be Excluded Under FED. R. CIV. P. 37(c)(1).

Even if the Court were to find that the government violated Rule 26, the United States should not be precluded from calling Prude as a rebuttal witness. Rule 37(c)(1) provides that

---

longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use… As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use." Here, the United States had not intended to call Prude at trial until prior to filing its Pre-Trial Disclosures. At that point, the government listed Prude as a trial witness. As will be detailed later in this opposition, Claimant suffered no prejudice from the United States' October 15, 2012 designation of Prude as a trial witness.

"[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When a party fails to disclose a witness properly, the court "may exclude the ... testimony ... unless the party's failure to comply is substantially justified or harmless." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). Further, "preclusion of evidence ... [is a] harsh remedy and should be imposed only in rare situations...." *Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y. 2005) (quoting *Update Art, Inc. v. Modin Pul'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1998)) ; *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (Rule 37 remedy is drastic and should only be applied in rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure); *Jenkins v. Med. Labs. of E. Iowa, Inc.*, 2012 WL 2989660, at *5 (N.D. Iowa July 20, 2012) ("exclusion of evidence is a harsh penalty and should be used sparingly") (quoting *Wegener*, 527 F.3d at 692).

Substantial justification under Rule 37(c)(1) may be demonstrated "where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance." *Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC,* 280 F.R.D. 147, 159 (S.D.N.Y. Feb. 15, 2012) (internal quotation and citations omitted). As explained in Section I above, a plain reading of Rule 26(a) as well as recent relevant case law demonstrates that a reasonable person could find that the United States had complied with Rule 26 by disclosing Prude – a rebuttal witness – in its Pre-Trial Disclosures. Indeed, it remains the United States' position that it has fully complied with its obligations under Rule 26. Nonetheless, if the Court finds that the government failed to identify Prude under Rule

26(a), it should not strike Prude as a witness because the United States was substantially justified and reasonable in believing that it need not disclose Prude in its Rule 26 initial disclosures.

Moreover, the First Circuit has noted that "[a]s the procedural rule itself makes clear, in the absence of harm to a party, a district court may not invoke the severe exclusionary penalty provided for by Rule 37(c)(1)." *Cruz–Vazquez v. Mennonite Gen. Hosp., Inc.*, 613 F.3d 54, 58 n. 1 (1st Cir. 2010). "An omission or delay in disclosure is harmless where there is 'an absence of prejudice' to the offended party." *Lujan v. Cabana Mgmt., Inc.*, 2012 WL 3062017, at *13 (E.D.N.Y. July 26, 2012), quoting *Coventry First LLC,* 280 F.R.D. at 159; *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995), citing FED. R. CIV. P. 37(c) (Advisory Committee Notes) (preclusion should not be imposed where failure to disclose is harmless). Importantly, Claimant makes no mention of prejudice or harm in its Motion. Instead, Claimant focuses on alleging that the United States' offer of Prude's testimony contradicts the government's prior position[3]. Claimant's mistaken belief that Prude's testimony will contradict the government's prior position regarding introducing crime at other Tewksbury-area motels and hotels does not equate to harm or prejudice. Moreover, since Prude is a rebuttal witness, his testimony will not be offered to establish the government's case in chief. In other words, Prude will not testify to support the United States' forfeiture claim, and thus the Claimant need not change its defenses or trial strategy. The Claimant, therefore, has suffered no prejudice in its ability to prepare for trial.

---

[3] The United States maintains its position that evidence of criminal activity at *other* properties does nothing to establish that the Defendant Property was used to facilitate criminal activity. Moreover, such evidence is not pertinent to whether Claimant either was unaware of drug activity at the Defendant Property or took reasonable steps to curb such activity. As explained above, Prude will not be testifying about the crime that occurs at the Motel 6 but, instead, about procedures in place at that establishment.

Prude's potential testimony also should come as no surprise to the Claimant. Indeed, if any party would have been aware of Prude's potential as a witness in this case, it would be the Claimant. As Claimant concedes, the government disclosed Prude's identity and potential testimony during discovery on June 15, 2011. Motion at 3. Three months later, on September 20, 2011, Claimant moved for leave to file an amended answer. Docket No. 58. In its motion for leave to amend, Claimant contends that its counsel was supposedly "alerted to the existence of an equal protection violation only during discovery, in which it became apparent that Defendant has treated other motel and business properties similarly situated to Claimants' property differently than Claimants' property on the basis of constitutionally impermissible motives." *Id.* at ¶ 3.

In its Opposition to United States' Motion *in Limine* to Exclude Evidence Concerning Criminal Activity at Other Locations, Claimant continued to press the relevance of criminal activity at other Tewksbury-area motels and hotels, at least in its rebuttal. Docket No. 91 at 3. Claimant explicitly reserved its right "to demonstrate that during various years other motels in the community had similar or greater levels of drug crime and that the experience of other properties could then be relevant to establishing what steps count as 'reasonable' at his own property." *Id.* Prude's anticipated testimony regarding Motel 6 procedures is exactly what Claimant describes as "the experience of other properties [that] could then be relevant to establishing what steps count as 'reasonable' at his own property." *Id.*

Being keenly focused on "the experience of other properties [that] could then be relevant to establishing what steps count as 'reasonable'" in establishing its innocent owner defense, Claimant had ample time, beginning in the summer of 2011 until September 14, 2012, when fact discovery closed, to depose other Tewksbury motel/hotel employees such as Prude regarding

7

procedures that may be considered "reasonable" in preventing crime.  However, the Claimant never noticed the deposition of any Tewksbury motel/hotel employees during that period.

At the very least, if Claimant believed that it were prejudiced in some way by the government's October 15, 2012 designation of Prude as a potential trial witness, it could have moved the Court for a deposition after the close of fact discovery.  In fact, in its Motion *In Limine* to Limit the Government's Proposed "Specific Incidents to be Introduced at Trial" and to Exclude the Government's "Summary Evidence," filed on October 9, 2012, Claimant did move for leave to depose certain witnesses well after fact discovery closed[4].  Docket No. 92.  The Court, in turn, allowed Claimant to depose additional witnesses in this case, and such depositions occurred as late as October 26, 2012.  Because Claimant has squandered its opportunity to move the Court in a timely manner to depose Prude in advance of trial, it cannot now seek to preclude him entirely. *Titan Stone*, 2007 WL 1659056, at *5 (denying motion to preclude rebuttal witness where opposing party had "ample time to request permission to depose" such witness once witness was disclosed); *Operator Indep. Driver Ass'n, Inc. v. USIS Commercial Servs., Inc.*, 2006 WL 2331003 (D.Colo. Aug. 9, 2006) (denying plaintiff's motion to preclude witnesses, who were not previously disclosed prior to close of discovery, from testifying at trial).

---

[4] Furthermore, nothing has prevented Claimant from contacting Prude informally to request an interview.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Claimant's Motion *in Limine* to Strike Bernard Prude.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its attorney,
CARMEN M. ORTIZ
United States Attorney

 /s/ Veronica M. Lei
SONYA A. RAO
ANTON P. GIEDT
VERONICA M. LEI
Assistant United States Attorneys
1 Courthouse Way
Suite 9200
Boston, MA 02210
Dated:  November 2, 2012        (617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

 /s/  Veronica M. Lei
VERONICA M. LEI
Dated:  November 2, 2012        Assistant U. S. Attorney