UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 09-11635-JGD |
| 434 MAIN STREET, TEWKSBURY, | ) | |
| MASSACHUSETTS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| RUSSELL H. CASWELL, as Trustee | ) | |
| of the Tewksbury Realty Trust, | ) | |
| | ) | |
| Claimant. | ) | |

**ORDER ON CLAIMANT'S MOTION IN LIMINE
TO STRIKE PLAINTIFF'S PROPOSED WITNESS**

November 7, 2012

DEIN, U.S.M.J.

This matter is presently before the court on the "Claimant's Motion *in Limine* to Strike United States' Proposed Witness Bernard Prude" (Docket No. 101). By his motion, the claimant is seeking to strike Bernard Prude from the United States' trial witness list on the grounds that Mr. Prude was not disclosed as a potential witness pursuant to Fed. R. Civ. P. 26(a)(1)(A), and on the grounds that his proposed testimony is irrelevant to the issues before this court. After consideration of the parties' written submissions and their oral arguments, the motion is ALLOWED.

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), a party is required to disclose witnesses that "the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." As explained in the Advisory Committee Notes to Rule 26, this obligation "requires a party to disclose information it may use to support its denial *or rebuttal* of the allegations, claim, *or defense of another party*." Fed. R. Civ. P. 26(a)(1) at cmt. to 2000 Amendment (emphasis added). Therefore, the fact that the United States proposes to use Mr. Prude solely for purposes of rebutting the claimant's innocent owner defense does not constitute an adequate excuse for its failure to identify Mr. Prude as a potential witness under Rule 26(a)(1)(A). To the extent the plaintiff believed that Mr. Prude may have been needed as a witness at trial, it had an obligation to disclose him.

Nevertheless, this court does recognize that under Rule 26(a)(1)(A), "[a] party is no longer obligated to disclose witnesses . . . that it does not intend to use[,]" as long as it supplements its disclosures "when it determines that it may use a witness . . . that it did not previously intend to use." Id. This court has no reason not to accept the United States' representation that it did not intend to call Mr. Prude as a witness until just prior to the October 15, 2012 deadline for filing its pre-trial disclosures pursuant to Fed. R. Civ. P. 26(a)(3). However, given the plaintiff's long-term knowledge about the claimant's reliance on the innocent owner defense, and in light of this court's prior efforts to have the parties identify additional witnesses who would need to be deposed before trial, it is disappointing that the plaintiff waited until October 15, 2012 to disclose Mr. Prude as a witness.

The United States' omission of Mr. Prude from its Rule 26(a)(1)(A) disclosures also is problematic because it deprived the claimant of notice as to the existence and efficacy of procedures which the government may be claiming should have been implemented at the Motel Caswell.  As the United States has represented, Mr. Prude is being offered to provide testimony regarding procedures that have been used at the Motel 6 to reduce crime and identify suspicious customers.  Because the claimant had no prior notice of this testimony, and has not had an opportunity to depose Mr. Prude, he has not had a chance to address whether such procedures may or may not have been appropriate at the Motel Caswell.  Moreover, allowing a deposition at this late stage, in the midst of trial, would not solve the problem.  For example, Mr. Caswell would not have the opportunity to explore the physical practicalities or costs of any security measures Mr. Prude may suggest, or the efficacy of any procedures actually implemented at Motel 6, much less research any legal issues that may be presented by the screening of proposed customers.[1]

In addition to the plaintiff's failure to disclose Mr. Prude until a few weeks prior to trial, Mr. Prude's proposed testimony is not relevant to the issues raised by the parties' claims and defenses.  As described above, Mr. Prude is proposing to testify regarding procedures that are used at the Motel 6.  He is not being offered as an expert on such

---

[1] Since despite this court's invitation the government has not detailed the substance of Mr. Prude's proposed testimony, it is impossible to determine precisely what avenues Mr. Caswell would want to explore if given the time.

procedures.  Nor is he expected to provide testimony on industry standards.  Therefore, his proposed testimony will reflect nothing more than Mr. Prude's personal opinions as to what procedures and identification methods are appropriate for use at a separate facility.  The United States has not shown how such personal opinions are relevant to the Motel Caswell.

In order to establish his innocent owner defense, the claimant must show, by a preponderance of the evidence, that he "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property."  18 U.S.C. § 983(d)(2).  However, Mr. Prude's proposed testimony addresses only the procedures that were implemented at the Motel 6.  It does not identify what procedures may have been reasonable under the circumstances faced by the claimant at the Motel Caswell.  Furthermore, there is no evidence that any of Mr. Prude's personal thoughts about making the Motel 6 secure were ever conveyed to the claimant.  This court cannot assess whether Mr. Caswell acted reasonably based on options which were never suggested to Mr. Caswell.  Moreover, this court cannot, without extensive testimony, determine if the two properties were remotely comparable on any number of relevant levels, such as size, location, general customer base, or the resources available to their respective owners, just to name a few.  Because the United States has provided no foundation for this court to conclude that the two properties and their owners were

similarly situated, Mr. Prude's testimony is irrelevant to show what could have been done or should have been done at the claimant's facility.

Finally, the United States has argued strenuously that the evidence of criminal activity at locations other than the defendant property is irrelevant to any of the claims and defenses asserted in this case. (See Docket No. 90). However, in order to draw any conclusions about the effectiveness of the procedures used at the Motel 6, and about whether such procedures potentially could have been effective at the Motel Caswell, this court would need to have an understanding as to the nature and volume of the criminal activity that was occurring at the Motel 6. At present, the record includes testimony from the police that there remains a drug problem at Motel 6, so the level of drug activity would have to be explored. In short, Mr. Prude's proposed testimony raises issues beyond the scope of what the United States has argued is relevant in this case. For this reason as well, this court finds that Mr. Prude is not an appropriate trial witness at this stage and that the claimant's motion to exclude him should be allowed.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge